UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:14-CV-03588 |
| | § | |
| LAWLER FOODS, INC., et al., | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Before the Court in this Title VII employment discrimination case is the Equal Employment Opportunity Commission's motion to bifurcate discovery and trial. (Dkt. 14). The case has been referred to this Court for pretrial management by United States District Judge Lynn N. Hughes. (Dkt. 7). The motion is granted in part and denied in part.

The EEOC alleges in its complaint that Lawler Foods has engaged in racially discriminatory hiring and recruiting practices. (Dkt. 1, at 3). The allegations include a pattern or practice of intentionally refusing to hire black employees and non-Hispanic employees, and using employment practices that have an adverse impact on prospective black and non-Hispanic employees, such as word of mouth recruiting and advertising a preference for Spanish speakers. (Dkt. 1, at 1-2). The EEOC asserts that Lawler Foods' practices violate Sections 703(a) and 703(k) of Title VII, and brings this lawsuit under Section 706 of the Act.

1.  *Bifurcation of trial*

    As the EEOC correctly observes, the Supreme Court has approved the bifurcation of

trial into class-wide liability and individual damage phases in pattern or practice discrimination cases brought by the federal government under Section 707 of Title VII.[1] This so-called *Teamsters* framework has routinely been employed in Title VII class actions over the years, including private class actions brought under Section 706 and 42 U.S.C. §1981.[2] Moreover, the Supreme Court has held that the EEOC may seek class-wide relief in a Section 706 action without satisfying the procedural hurdles of Rule 23.[3] Given EEOC's statutory authority under Section 706 "to bring suit in its own name to secure relief for a group of aggrieved individuals,"[4] there is no legal or prudential reason why the *Teamsters* framework should be available to private plaintiffs but not to the EEOC. Lawler Foods' argument to the contrary rests on a hyper-technical reading of the statute that is both tenuous and unpersuasive.[5]

All that said, the fact remains that the parties have not consented to trial before this magistrate judge; the case has been referred for pretrial management only. (Dkt. 7). Any decision about the conduct of the trial remains with the district judge, and outside the scope

---

[1] *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977).

[2] *See e.g. Boykin v. Georgia-Pacific Corp.,* 706 F.2d 1384 (5th Cir. 1983). *See also Franks v. Bowman Transp. Co.,* 424 U.S. 747, 772 (1976).

[3] *General Telephone Co. of the Northwest, Inc. v. EEOC,* 446 U.S. 318, 320 (1980).

[4] *Id.* at 324.

[5] *See Serrano v. Cintas Corp.,* 699 F.3d 884 (6th Cir. 2012) (EEOC may employ *Teamsters* pattern-or-practice framework in case brought under Section 706). The EEOC also requests that punitive damages be determined in the first stage of a bifurcated trial, a less conventional procedure potentially raising some knotty Seventh Amendment concerns.

of that referral. A decision to bifurcate a trial is committed to the sound discretion of the trial court under Rule 42(b),[6] so the district judge would be free to disregard any recommendation about trial bifurcation that a magistrate judge might make. In any event, there is no reason at this early stage of the litigation to make a final decision about the conduct of a trial that, if it takes place at all, will not commence until 2017 at the earliest.

For these reasons, the EEOC's motion to bifurcate the trial is denied without prejudice at this time.

2.  *Bifurcation of Discovery*

While an order bifurcating trial may be premature at this point, an order to bifurcate discovery is not. Rule 26 affords trial courts ample authority to control the sequence and timing of discovery. So, for example, "when one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."[7] This principle of judicial parsimony is often invoked, for example, to justify postponing discovery on damages until liability has been established.[8]

Such an approach seems especially fitting in a Title VII pattern-or-practice suit involving a potentially large class of aggrieved persons. In this case the EEOC claims to have identified over 200 such individuals, and expects that number to rise as the case moves on. Unlimited discovery into the circumstances of each rejected applicant's claim for damages

---

[6] 9A Wright and Miller, Federal Practice and Procedure § 2388 (3d ed. 2008).

[7] 8A Wright and Miller, Federal Practice and Procedure § 2040 (3d ed. 2010).

[8] *Id.*

3

is certain to be very costly and time-consuming. It may also turn out to be entirely wasteful and unnecessary should the EEOC's pattern-or-practice evidence ultimately fall short, whether on summary judgment or at trial.

The EEOC's burden in a pattern-or-practice case is to prove that discrimination "was the company's standard operating procedure – the regular rather than the unusual practice."[9] Statistical proof is almost always necessary to meet that burden, together with documents from the employer's files and testimony from employer representatives. In addition, anecdotal testimony from selected class members is often presented "to bring the cold numbers convincingly to life."[10] During the liability phase of the *Teamsters* trial, nearly 40 rejected applicants testified to bolster the government's statistical case.

Similarly here, the EEOC's proof of pattern-or-practice hiring discrimination is expected to consist of documents from employer files, as well as testimony from company officials and employees, expert witnesses, and a select number of affected class members who applied for jobs but were not hired. At this stage of the litigation, the focus is properly on the employer's conduct, and in particular whether there is sufficient pattern-or-practice evidence to warrant a trial on the merits. Until that issue is resolved, considerations of economy and efficiency weigh heavily in favor of postponing discovery regarding second stage issues, such as the eligibility of individual class members for monetary relief, and in what amounts.

---

[9] *Teamsters*, 431 U.S. at 336.

[10] *Id* at 339.

Lawler Foods vigorously opposes bifurcation of discovery in this manner, arguing that it would "completely deprive Defendants from the discovery needed to defend this lawsuit." (Dkt. 23, at 3). When pressed at the hearing to describe exactly what needed discovery on pattern-or-practice liability would be denied them, defendants' counsel was far from specific. According to the EEOC, the defendants intend to serve interrogatories, requests for production, and depose every affected class member identified by the EEOC, whether or not the EEOC intended to offer their testimony as part of its pattern-or-practice case. Defendant's First Request for Production of Documents seeks extensive and detailed information on all individuals represented by the EEOC, including authorizations for employment and wage records, medical and health information, social security earnings, tax returns, and educational records. (Dkt. 19-2). The vast preponderance of the information sought pertains only to damages, or perhaps whether a particular class member would be eligible for monetary relief. While undeniably relevant at the remedy stage, such information has almost nothing to do with deciding whether defendants have engaged in a pattern-or-practice of hiring discrimination based on race or national origin. Moreover, this discovery would sweep in non-parties to this litigation, such as previous and subsequent employers, healthcare providers, and educational institutions, imposing substantial and potentially needless burdens on these unrelated entities.

    *3.    Conclusion*

The Court finds that bifurcation of discovery in the manner sought by the EEOC is the best means to secure the just, speedy, and efficient resolution of this action. The Court

is unpersuaded that the proposed sequence and timing of discovery will unfairly prejudice Lawler Foods in any way. Accordingly, it is ORDERED that:

1. Beginning immediately, the parties are required to make initial disclosures and authorized to conduct discovery, as provided under the Federal Rules of Civil Procedure, on the following issues:

   a. Whether defendants engaged in a pattern or practice of hiring discrimination on the basis of race or national origin. Discovery can include statistical evidence, anecdotal evidence from selected class members, and evidence of corporate policies and practices, including record-keeping.

   b. Whether the defendants intentionally engaged in a pattern or practice of employment discrimination "with malice or reckless indifference to the federally protected rights" of the aggrieved individuals. 42 U.S.C. § 1981a(b).

   c. Whether the defendants actions were job-related and consistent with business necessity.

   d. Whether the EEOC is entitled to injunctive relief.

   e. Whether the defendants unlawfully failed to hire the three named intervenors, as well as other class member witnesses identified by the EEOC, on the basis of their race or national origin.

2. At this stage, discovery regarding damages or other relief for individual class members will not be allowed. Nor will defendants be permitted to depose or direct written discovery to class members not designated as witnesses by the EEOC.

3. This Order will remain in effect until resolution of dispositive motions in this case, unless otherwise ordered by the Court.

Signed at Houston, Texas, on September 10, 2015.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge